UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEN-MEI YOU, *et al.*, | No. C-07-6338 EMC |
| Plaintiffs, | |
| v. | **ORDER RE PLAINTIFFS' LETTER OF FEBRUARY 1, 2008** |
| JAMES W. OSTROFF, *et al.*, | |
| Defendants. | |
| _____/ | |

Previously, the Court issued an order granting Plaintiffs Wen-Mei You and Hongzhi Sun's application to proceed in forma pauperis but dismissing their complaint without prejudice. The Court concluded that dismissal was appropriate because, based on the allegations in the complaint, Plaintiffs alleged only state law claims but there was a lack of complete diversity among the parties. Subsequently, Plaintiffs sent a letter to the Court (dated February 1 and filed February 4, 2008), in which they state that they are not represented by counsel, that they were "wrongfully informed" that they should file in federal court instead of state court, that "nobody told us [that we filed in the wrong court] when they accepted the filing of the new case" and that "[w]e [are] worried now that the time limit of suing as passed." Plaintiffs ask the Court to "write a letter [to] [prove that we did file before [the] due date" so that "we don't loose [sic] our legal right to go on [with] the litigation."

While the Court is not without sympathy to Plaintiffs' plight, it must deny their request for relief. Because it is without jurisdiction, this Court cannot decree whether the statute of limitations might ban a suit filed in state court. That would be for the state court to decide.

To the extent Plaintiffs are asking the Court to do more -- *e.g.*, remand the instant case to state court in order to preserve the statute of limitations -- the Court is not aware of any authority pursuant to which it could take such action. Remands to state court (as opposed to dismissal) typically occur when a case is first filed in state court and then improperly removed from state court to federal court or when a federal court declines to exercise supplemental jurisdiction over state law claims where there are other claims over which federal jurisdiction exists. *See* 28 U.S.C. § 1447(c) (stating that, in a removal case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Levesque v. Coleman*, No. C07-03269 MJJ, 2007 U.S. Dist. LEXIS 67470, at *11 (N.D. Cal. Aug. 31, 2007) (noting that a court has discretion to remand supplemental state claims pursuant to 28 U.S.C. § 1367(c)). Neither situation is present in the instant case. The Court's decision dismissing the case stands.

IT IS SO ORDERED.

Dated: February 7, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEN-MEI YOU, *et al.*, | No. C-07-6338 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| JAMES W. OSTROFF, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Hongzhi Sun
3700 Cabrillo Street, 104
San Francisco, CA 94121

Wenmei You
3700 Cabrillo Street, 104
San Francisco, CA 94121

Dated: February 7, 2008          RICHARD W. WIEKING, CLERK

By: _____/s/_____
    Leni Doyle
    Deputy Clerk